Filed 6/24/25  P. v. McDowell CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DAVIONE MCDOWELL,<br><br>  Defendant and Appellant. | B337050<br><br>(Los Angeles County<br>Super. Ct. No. BA330955) |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Reversed and remanded.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

In 2011, a jury convicted appellant Davione McDowell of one count of first degree murder, three counts of attempted murder, and four counts of attempted robbery. At the time of the crimes, McDowell was 17 years old. The superior court sentenced McDowell to a total term of 95 years to life, plus two life sentences. In 2023, McDowell petitioned for recall and resentencing pursuant to Penal Code section 1170, subdivision (d) (§ 1170(d)).[1] The statute provides relief to juvenile offenders who were "sentenced to imprisonment for life without the possibility of parole" (LWOP). (§ 1170(d)(1)(A).) The superior court denied the petition to recall and resentence, finding that McDowell was ineligible because he did not receive an LWOP sentence.

On appeal, McDowell argues that his sentence was the functional equivalent of LWOP and he was therefore eligible for relief under section 1170(d). Respondent Attorney General agrees, as do we. We therefore reverse the superior court's order and remand the matter for further proceedings.

## BACKGROUND

### I. Conviction and Sentencing

The underlying facts are detailed fully in this court's prior opinion, *People v. McDowell* (Nov. 13, 2012, B235921) [nonpub. opn.] (*McDowell*). We summarize them briefly here.

On September 1, 2005, seven men were playing a game of dice in the driveway of Johnny Stringer's home. Approximately $1,000 in cash was visible on the driveway. McDowell approached the group, pulled a gun out of his pants pocket, and demanded the money. As the men turned and ran, McDowell began shooting, killing Stringer and wounding three other men. McDowell ran away without the money.

In 2011, a jury convicted McDowell of one count of first degree murder (§ 187, subd. (a); count 1), three counts of premeditated attempted murder (§§ 664, 187, subd. (a); counts 2, 3, 7), and four counts of attempted second degree robbery (§§ 664, 211; counts 4, 5, 6, 8). The jury also found true criminal gang and gun use enhancement allegations for each count. (§§ 186.22, subd. (b)(1), 12022.53, subds. (b)-(d).)

---

[1] All undesignated statutory references are to the Penal Code.

The court sentenced McDowell to consecutive terms on counts one through three as follows: a base term of 25 years to life for murder (count 1), plus 25 years for the gun enhancement; a life term for each of two attempted murder counts (counts 2 and 3), plus terms of 20 and 25 years, respectively, for the gun enhancements on those counts, for a total of 95 years to life, plus two life terms. The court imposed concurrent terms on the remaining counts (counts 4 through 8) and imposed and stayed the gang enhancements. This court affirmed McDowell's convictions, but corrected the sentence for the attempted robbery convictions. (*McDowell, supra.*)[2]

## II.    Petition for Recall and Resentencing

In August 2023, McDowell filed a petition for recall and resentencing pursuant to section 1170(d). He stated that he was born on October 1, 1987 and was 17 years and 11 months old at the time of his crimes in September 2005. Thus, he argued that he was eligible for relief pursuant to section 1170(d) because he was under 18 years of age at the time of his crimes, had been incarcerated for at least 15 years, submitted a statement of remorse, and satisfied the other statutory criteria for resentencing. (See § 1170, subds. (d)(1)(A), (d)(2).) He also relied on *People v. Heard* (2022) 83 Cal.App.5th 608, 634 (*Heard*), which extended relief under section 1170(d) to juvenile offenders serving de facto LWOP sentences. As such, although McDowell was not expressly sentenced to LWOP, he argued that he was eligible for relief because he had received a de facto LWOP sentence of 95 years to life. The People filed a response, arguing that the petition was deficient because it failed to include an adequate statement of remorse as required by section 1170(d).

At the March 5, 2024 hearing on the petition, the court stated that it "disagree[d] with *Heard*. I think it was a wrong decision," and that it would "follow Penal Code section 3051." In its written order denying the petition, the court found that McDowell was not eligible for relief under section 1170(d) because he was not actually sentenced to LWOP. The court reasoned that the controlling statutory authority was section 3051, which requires a

---

[2]    Subsequently, this court denied McDowell's petition for resentencing under section 1172.6 because he was the actual killer. (*People v. McDowell* (Oct. 30, 2023, B320119) [nonpub. opn.].

"youth offender parole hearing" after 15, 20, or 25 years of a juvenile offender's incarceration, depending on the sentence imposed. The court concluded that section 3051 "legally eliminated de facto LWOP sentences for juvenile offenders," and therefore only juveniles expressly sentenced to LWOP were eligible under section 1170(d)(1).

McDowell timely appealed.

## DISCUSSION

### I. Legal Principles

Under section 1170, subdivision (d)(1)(A), "[w]hen a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." Among other things, the petition must include the defendant's "statement describing their remorse and work towards rehabilitation" and that at least one of four qualifying circumstances is true. (§ 1170, subd. (d)(2).) If the court finds by a preponderance of the evidence that a qualifying circumstance is true, the court must recall the sentence and hold a resentencing hearing. (§ 1170, subd. (d)(5).)

On its face, section 1170(d) limits relief to juvenile offenders sentenced to LWOP. (*People v. Olmos* (2025) 109 Cal.App.5th 580, 583; *Heard, supra*, 83 Cal.App.5th at pp. 622–626.) However, in *Heard*, the Court of Appeal held that denying the opportunity to petition for section 1170(d) relief to juvenile offenders sentenced to the functional equivalent of LWOP violates the constitutional guarantee of equal protection. (*Heard, supra*, 83 Cal.App.5th at pp. 612, 634; see also *People v. Sorto* (2024) 104 Cal.App.5th 435, 454 (*Sorto*) [agreeing with *Heard*].) The court rejected the People's argument that the Supreme Court in *People v. Franklin* (2016) 63 Cal.4th 261 held that section 3051 had "reformed" the defendant's sentence so that it was no longer the functional equivalent of life without parole. (*Heard, supra*, 83 Cal.App.5th at pp. 628-629.) As the court explained, "although the retroactive operation of section 3051 means [the defendant] will receive a youth offender parole hearing in his 25th year of incarceration, his original sentence remains binding." (*Id.* at p. 629.) As such, notwithstanding section

4

3051, section 1170(d) applied because the defendant's sentence "was a de facto life without parole sentence at the time it was imposed" and section 1170(d)(1)(A) referenced the "'offense for which the defendant was *sentenced*.'" (*Heard, supra*, at p. 629; see also *Sorto, supra*, 104 Cal.App.5th at p. 448 ["that section 3051 superseded [the defendant's] sentence is irrelevant" because "it is enough that he 'was sentenced' to the functional equivalent of" life without the possibility of parole]; *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1063 (*Bagsby*) [citing *Sorto* and *Heard*].)

We apply de novo review where, as here, the appeal turns on questions of law and the application of law to undisputed facts. (*People v. Ashford University, LLC* (2024) 100 Cal.App.5th 485, 518.)

## II. Analysis

McDowell contends that the superior court erred in finding that he was ineligible as a matter of law for resentencing relief under section 1170(d). He argues that the court was required to follow *Heard* and apply the statute to him as a juvenile who was sentenced to a de facto LWOP sentence. The Attorney General concedes the error. We agree as well. (See *Heard, supra*, 83 Cal.App.5th at p. 634; *Sorto, supra,* 104 Cal.App.5th at p. 439; *Bagsby, supra*, 106 Cal.App.5th at p. 1063.)

The Attorney General also concedes that McDowell's sentence meets the requirement of a de facto LWOP sentence. We agree. The functional equivalent of LWOP means that "the release date is near or beyond the juvenile's life expectancy." (*People v. Carter* (2018) 26 Cal.App.5th 985, 995, citing *People v. Franklin, supra*, 63 Cal.4th at pp. 276-277; see also *People v. Caballero* (2012) 55 Cal.4th 262, 268.) McDowell, who was sentenced to 95 years to life plus two life terms, easily meets that standard. (See *Bagsby, supra,* 106 Cal.App.5th at pp. 1047, 1051 [107-year-to-life sentence functional equivalent of LWOP]; *Heard, supra*, 83 Cal.App.5th at pp. 612, 629 [same for 103-year-to-life sentence].) Thus, he is entitled to seek resentencing relief under section 1170(d).

We therefore reverse the order denying McDowell's section 1170(d) petition. We reject McDowell's request to order the superior court on remand to grant the petition and transfer the case to juvenile court. Because the court denied McDowell's petition as a matter of law, it did not have the

opportunity to consider the merits of the petition.  Therefore, on remand, the court shall consider the merits of McDowell's petition and determine whether he meets the requirements set forth in section 1170(d).

## DISPOSITION

We reverse the superior court's order denying McDowell's petition for recall and resentencing pursuant to section 1170(d) and remand this matter for further proceedings on that petition.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

ZUKIN, ACTING P. J.

MORI, J.